UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | |
|---|---|
| JOEL D. ISON, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. |
| ) | 7:21-CV-70-JMH |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| KILOLO KIJAKAZI, ) | **and ORDER** |
| ACTING COMMISSIONER OF THE ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the motion of the plaintiff, Joel D. Ison, for an award of attorney's fees in the amount of $8,238.89[1] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (DE 25). The Acting Commissioner of Social Security ("the Commissioner") has filed a response agreeing that Plaintiff is the prevailing party and is thus due EAJA fees (DE 27); however, the Commissioner submits that counsel's attempt to seek compensation for 32.8 hours of attorney time, and 7.6 hours of paralegal services, is unreasonable and unsupported by the administrative record. As to the appropriate hourly rate in this case, the Government

---

[1] This amount does not account for the additional time that counsel requests for drafting the reply, which results in a total of $549.72 (2.4 hours at a rate of $229.05 per hour).

Page **1** of **10**

contends that it defers to the Court's judgment. (*Id*. at 5). For the reasons that follow, the Court **DENIES** Plaintiff's Motion, in part, and **GRANTS**, the Motion, in part.

The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *Perket v. Sec'y of Health & Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990). It is undisputed that Plaintiff is the prevailing party within the meaning of the EAJA because her case was remanded to the SSA under sentence four of 42 U.S.C. § 405(g). *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993) ("[a] sentence-four remand makes the plaintiff a 'prevailing party' under the EAJA […].")). Further, the Government does not dispute whether counsel is entitled to attorney fees. (DE 27 at 1). The Court thus proceeds to analyzing whether an award of attorney fees in the amount of $8,238.89 is a just award under the facts and circumstances of this case.

Attorney's fees awarded to a prevailing party under the EAJA must be reasonable. 28 U.S.C. § 2412(b). The EAJA caps the attorney fee rate at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. § 2412(d)(2)(A). Plaintiff bears the burden of producing evidence sufficient to establish a higher fee, *Blum v. Stenson*, 465 U.S. 886, 898 (1984); however, generally speaking, the statutory rate "is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986) (unpublished). The plaintiff is required to show that the "prevailing market rate" in the local legal community exceeds the statutory cap. *Bryant v. Commissioner of Social Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). To do this, the plaintiff must "produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. (quoting *Blum*, 465 U.S. at 895 n.11).

Plaintiff, through the motion of her counsel and supporting exhibits, requests fees in the amount of $8,238.89, calculated at the rate of: 2.3 hours, for 2021, multiplied at

a rate of $214.29 per hour; 30.5 hours, for the first half of 2022, multiplied at a rate of $229.05; and 7.6 hours of paralegal services, multiplied at a rate of $100.00 per hour. (DE 25-1). Attorney Palmer submitted two declarations from other attorneys attesting to the fact that the prevailing market rate is between $200-500 an hour and that there are a limited number of attorneys willing to take Social Security appeals because of the lack of financial incentive to do so. (DE 26-2; DE 26-3). Palmer points out that the statutory rate of $125 per hour was established in 1996 and has not been adjusted for increases in the cost of living. She has provided information obtained from the United States Bureau of Labor Statistics indicating that the rate would equal $214.29 per hour in 2021 and $229.05 per hour in 2022, if adjusted for inflation. (*See* DE 26, ¶ 9; DE 26-1 at 2-4).

While judges in the Eastern District of Kentucky traditionally awarded the market rate of $125.00 per hour in most social security matters (see *Carson v. Colvin*, No. 13-94-GFVT, 2015 U.S. Dist. LEXIS 118866, at *7 (E.D. Ky. Sept. 8, 2015) (collecting cases)), it is important to note that the trend has recently been altered for certain types of cases, especially those which involve complex legal questions and substantive legal work both in this Court and on appeal before

the United States Court of Appeals for the Sixth Circuit. Plaintiff cites to the Sixth Circuit's opinion in *Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 491-92 (6th Cir. 2021) to support her proposition that a higher fee award is justified. In *Doucette*, the Sixth Circuit found that the court's rate of $125-150 fell "*below* the established spectrum" for even the "simplest" of social security appeals; but still, reliance on such historical local fee awards indeed "may be proper in the absence of any credible evidence by the fee applicant of a higher prevailing market rate[.]" *Doucette*, 13 F.4th at 492 (quoting *Farbotko v. Clinton Cty.*, 433 F.3d 204, 210 (2d Cir. 2005)).

Recently, in two unrelated SSA matters, Chief Judge Reeves found that Attorney Palmer was entitled to a rate of $214.29 per hour for the work performed in 2021 in both appeals. *See e.g., Mascunana v. Kijakazi*, Civil Action No. 2:21-077-DCR, 2022 WL 3256780 at * 2 (E.D. Ky. Aug. 10, 2022); *McPherson v. Kijakazi*, Civil Action No. 3:21-036-DCR, 2022 WL 3269046 (E.D. Ky. Aug. 10, 2022).[2] Thus, here, upon review of the unrefuted evidence regarding inflation and the market rate for comparable legal services, the Court **FINDS** that an upward adjustment from

---

[2] Notably, the complexity of the case was not a factor in determining the fee entitlement.

Page **5** of **10**

$125.00 an hour to $214.29 in the year 2021, and $229.05 in the year 2022, is just in this case.

Finally, the Court considers whether the hours counsel purports to have spent working on this case are reasonable. To compute the total fee earned, the Court employs the lodestar calculation to find the "product of the number of hours billed and a reasonable hourly rate." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) (citation omitted). The Commissioner disagrees with counsel's assessment, arguing that counsel's purported 32.8 hours working on this case is unreasonable, and instead the Court should reduce the requested hours to a reasonable number, but no more than 25 hours of attorney time and no more than 4 hours of paralegal hours. (DE 27 at 5). Further, the Commissioner states that counsel should not receive additional fees for its reply brief (*id.*).

Admittedly, the Commissioner adds that, "[w]hile the record was longer than often seen in this District, it was not so long as to justify the time requested." (*Id.* at 2). The Commissioner contends that 29.3 hours of Attorney Palmer's review of the record was unreasonable, and that the hours of attorney time billed for receiving and reviewing a summons issued, a summons returned, a two-page answer, a scheduling order, two extensions of time, and a remand order is "excessive

on its face" and cumulative. (*Id.* at 5). The Commissioner also objected to the allotted paralegal hours; however, in her reply (DE 28 at 5), counsel agrees to reduce the requested fees by 1.8 hours.

Upon review of the administrative record and counsel's itemized time record, the Court finds that counsel has satisfied her burden to show **only** that 32 hours was a reasonable amount of time to spend on his representation in this matter. While the record in this case was voluminous, "[t]he relevant question is not what is required in most social security cases, but what did this case require." *Glass v. Sec'y of Health & Hum. Servs.*, 822 F.2d 19, 20 (6th Cir. 1987). This number, too, sufficiently accounts for the clerical and menial tasks expended on this case. "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule[.]" *Flamboe v. Commissioner*, No. 1:12-cv-606, 2013 WL 1914546, at * 2 (W.D. Mich. May 8, 2013) (quoting *Crim v. Commissioner*, No. 1:11-cv-137, 2013 WL1063476, at * 4 (S.D. Ohio Mar. 14, 2013). The Court further finds that Plaintiff's request for time spent

preparing the reply brief is reasonable and should be compensable. *See Holtman v. Kijakazi*, 3:18-cv-00848, 2022 WL 602477, at *4 (M.D. Tenn. Feb. 28, 2022) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 164- 65 (1990)).

As to paralegal fees, Plaintiff has agreed to reduce the requested fees by 1.8 paralegal hours. The Court finds that 5.8 hours of paralegal fees is reasonable and should be compensable.

Both parties agree that a fee award under the EAJA must be paid directly to the plaintiff—not to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 931 (6th Cir. 2017). Under *Astrue*, EAJA fees are to be paid directly to litigants, and they are subject to administrative offset for any federal debts the litigant owes. *Astrue*, 560 U.S. at 593. In this circuit, the Court must award EAJA fees to the litigant directly, regardless of whether the Commissioner demonstrates existing federal debt. *See Bryant*, 578 F.3d at 448.

Accordingly, having considered the respective briefs and the record, and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that

(1) Plaintiff's Motion (DE 25) is GRANTED in part, and DENIED in part.

(2) Plaintiff is awarded attorney fees in the **total amount of Eight Thousand Four Hundred Twenty-Nine Dollars and Eighty Cents ($8,429.80)** pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

   i. Plaintiff is awarded 2 hours at $214.29 per hour in 2021 ($428.58) and 30 hours at $229.05 per hour in the first half of 2022 ($6,871.50) for attorney's fees under 28 U.S.C. § 2412(d). The Court further awards counsel 2.4 hours for her time spent preparing the reply brief, at a rate of $229.05 per hour ($549.72).

   ii. Additionally, Plaintiff is awarded 5.8 hours at $100.00 per hour ($580.00) for paralegal services.

(3) If the U.S. Department of the Treasury determines that Plaintiff's EAJA fees, expenses, and costs are not subject to offset allowed under the Department of the Treasury's Offset Program (TOPS), then the check for EAJA fees, expenses, and costs shall be made payable to Plaintiff's attorney, Melissa Palmer.

Dated this 16th day of August, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge